**OPINION ON REHEARING**



ATTORNEY FOR APPELLANT

Megan J. Schueler
Ferguson Law
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeffrey Archer, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent* | September 12, 2019 <br><br> Court of Appeals Case No. <br> 18A-PC-2681 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Marc Rothenberg, Judge <br> The Honorable Amy Barbar, Magistrate <br><br> Trial Court Cause No. <br> 49G02-1604-PC-16169 |

**Baker, Judge.**

[1] Jeffrey Archer has filed a petition for rehearing on our initial decision in this case. We grant his petition so that we can correct an error.

[2] In our initial decision, we explored Archer's argument that appellate counsel was ineffective for failing to obtain a copy of the voir dire transcript:

> During the post-conviction hearing, appellate counsel testified that it was not his policy to review voir dire because what transpires then is not evidence. A record on appeal includes "all proceedings before the trial court," Ind. Appellate Rule 2(L), and as we have stated, appellate counsel has a duty to thoroughly review the entire record of a defendant's proceedings. *Wilson v. State*, 94 N.E.3d 312, 321 (Ind. Ct. App. 2018).

> But Archer cannot show prejudice from appellate counsel's error. Although Archer contends that he was prejudiced by a prospective juror who, after acknowledging that she could not be fair and impartial, was selected to serve on the jury, the record shows that this prospective juror was dismissed from jury service.

*Archer v. State*, 18A-PC-2681, slip op. p. 10 (Ind. Ct. App. July 25, 2019).

[3] Archer correctly points out in his petition for rehearing that, despite a seeming assumption from both attorneys and the trial court that dismissal would occur, the juror was not, in fact, dismissed. And in this case, that is highly problematic. During voir dire, Juror Lynch indicated that she had mistakenly said on the juror form that she would be able to be fair and impartial:

Defense:    Okay. Do you want to change that?

Juror:    Maybe I just think where there's smoke, there's fire.

Defense:     Okay.  So if someone's accused of a crime, they probably did it.  Is that fair for you?

Juror:       I think maybe it is.

Defense:     Okay.  Would that make—would you agree that would probably make you to be (indiscernible) juror in a criminal case?

Juror:       I think maybe so.

Defense:     Okay. . . . [W]ould it be [a] fair statement that probably you ought not serve as [a] juror on this case?

Juror:       May—maybe not.

Defense:     Okay.  You understand the Court's going to give you instructions that you need to follow his instructions and apply the law and be fair?  And are you telling me that even though he tells you that, it may not happen?  Yes?

Juror:       Yes.

Defense:     Okay.  Your Honor, challenge for cause.

Appellant's Am. App. Vol. II p. 121-22.  At that point, the trial court held a side bar bench conference.  The trial court asked the prosecutor whether she would have any questions:

Prosecutor:  I would just ask for followup (indiscernible).

| | |
|---|---|
| Court: | I'll probably allow you, but I—you can do followup or whatever, and I'll give you a chance to—I just—I think she's pretty bad.  I just—I don't want to do it in front of God and everybody, because I don't want the floodgates to open.  Okay? |
| Defense: | Right. |
| Court: | So do you want—you want followups? |
| Prosecutor: | Yes.  Thank you, Judge. |
| Court: | Okay.  Then I'm going to grant it, but I think—so just take it off your thing, we're not going to excuse her. |

*Id.* at 122-23.  Archer's attorney then resumed voir dire, thanking Juror Lynch for her candor and moving on.  *Id.* at 123.  At the conclusion of voir dire, the trial court did not include Juror Lynch in the list of jurors to be excused; it did include her in the list of jurors to be seated.  *Id.* at 126.

[4]  During the post-conviction hearing, trial counsel was asked about his decision to leave Lynch on the jury.  He explained that he tells clients that in any child molesting case, "most people" believe that the accused is guilty based on the accusation, so the case starts "in a hole and we need to try to dig out of it."  Tr. Vol. II p. 93.  Although trial counsel did not specifically remember Juror Lynch's comments, he did not doubt that she said them because in "most trials, a juror would think that."  *Id.*

[5]     Notwithstanding trial counsel's beliefs, "the right to a fair trial before an impartial jury is the cornerstone of our criminal justice system." *Whiting v. State*, 969 N.E.2d 24, 28 (Ind. 2012). And our Supreme Court has held that "[t]he presence of even one biased juror on the jury is a structural error requiring a new trial." *Id.* (citing *United States v. Martinez-Salazar*, 528 U.S. 304, 316 (2000)).

[6]     In this case, it is plain that Juror Lynch was biased. She admitted to her bias, said that she would be unable to follow the trial court's instructions to apply the law and be fair, and agreed that she should not be seated on the jury. The trial court likewise agreed that she was "pretty bad," though it ultimately decided not to excuse her. Appellant's Am. App. Vol. II p. 122.

[7]     Appellate counsel decided to raise the issue of ineffective assistance of trial counsel in Archer's direct appeal. That decision had two consequences. First, it means that we cannot consider that issue here. *Lowery v. State*, 640 N.E.2d 1031, 1037 (Ind. 1994).

[8]     Second, it means that appellate counsel had an obligation to review the entire record of the trial proceedings, including the voir dire transcript. *Wilson*, 94 N.E.3d at 321. Had appellate counsel done so, counsel would have seen this significant, obvious, and strong issue to be raised on appeal. And we believe that had appellate counsel raised the issue, we would have ruled in Archer's favor, reversing and remanding for a new trial.

Archer has established both that appellate counsel was ineffective and that he was prejudiced as a result. Under these circumstances, we find that the post-conviction court erred by denying Archer's petition for post-conviction relief.

The judgment of the post-conviction court is reversed and remanded for further proceedings.

Najam, J., and Robb, J., concur.